Edward F. Crawford, J.
This special proceeding in the nature of certiorari pursuant to CPLR. article 78 was brought by the City of Syracuse to review a determination made by petitioner’s Board of Appeal of the Building Code of the City of Syracuse. Petitioner urges that the respondent board erred as a matter of law in reversing a determination made by the Superintendent of the petitioner’s Bureau of Safety Inspection when the superintendent determined that work described in an application made by respondents Wilmorite Inc. and Syrtel Building, Inc. was an “ addition ” within the meaning of the building code applicable to the City of Syracuse rather than a “ building of non residential occupancy.”
The court agrees with petitioner that the respondent board erred as a matter of law.
Respondent Syrtel owns premises purchased from the City of Syracuse by authority of Local Law No. 6 of the City of Syracuse, effective December 18, 1969. Subsequent to acquiring title, Syrtel, under a building permit issued in May of 1970 constructed a four-story building on the site. On June 25, 1973 Wilmorite, the contractor, and Syrtel filed with the Bureau of Safety Inspection of the City of Syracuse an application for a building permit for the erection of what it deemed ‘ ‘ second phase construction of new building involving 6 new stories ”. Previous to filing the application for a building permit respond *156 ent Syrtel had applied to the city’s Board of Zoning Appeals for a variance involving certain features of the planned construction which was granted. The latter application stated in part: ‘ ‘ The existing office building containing 4 floors was completed and occupied in October 1971. A 6 story addition is now proposed. This addition was contemplated in the original plans for the building which was fully designed to accommodate it ”. The six new stories were to have been added to the existing structure by vertical extension thereof making a 10-story building.
The City Bureau of Safety Inspection’s determination that the proposed work was an addition rather than work defined as a building of nonresidential occupancy resulted in a permit fee of $9,017 rather than $2,040; fees for new construction under the Building Code are computed on the basis of the cubic feet of space contained in the building while fees for alterations and additions are based upon cost. There is no category in such code dealing with so-called phased construction of buildings and there is no indication that petitioner ever issued any permit specifically authorizing phased construction.
There is n-o definition of the terms “ alterations and additions ” in the city’s ordinance. However, the court notes that in 1959 the city adopted the State Building Construction Code promulgated pursuant to article 18 of the Executive Law as adopted by chapter 800 of the Laws of 1951. The State Building Construction Code which supplements the city’s own ordinance specifically defines addition as an “ Extension or increase in area, height or equipment of a building.” (9 NYCRR 603.3[3].)
•The described construction clearly falls within the definition of addition set forth in the State Building Construction Code and, despite the fact that the code contains no provisions for enforcement or fees, it is, in the court’s judgment, proper to incorporate the said definition as part of the Building Code applicable to the city.
Beyond that the court disagrees with the respondent Board of Appeals’ finding that there was insufficient definition in the city’s Building Code to substantiate the meaning of the separate categories of “ alterations and additions ” and new work “ for a building of non residential occupancy.” The plain meaning of the term addition is that of increasing the size of an existing structure which is precisely what respondents Syrtel and Wilmorite sought to do. In construing language of a statute or ordinance a court should seek, among other things, to give effect *157 to the plain meaning of the language thereof. (Common Council of City of Gloversville v. Town Bd. of Town of Johnstown, 37 A D 2d 459, revd. on other grounds 32 N Y 2d 342; Bright Homes v. Wright, 8 N Y 2d 157.)
Respondents Syrtel and Wilmorite additionally contend that the license fee in question is invalid because excessive and not reasonable in relationship to the cost of inspection and review which will be incurred by the city. The court does not find that the said respondents have sustained the burden of showing such fee to be unreasonable.
The decision of respondent board is overruled.